Filed 6/20/13  T.B. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| T.B., <br><br>        Petitioner, <br><br>    v. <br><br> THE SUPERIOR COURT OF TUOLUMNE COUNTY, <br><br>        Respondent; <br><br> TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br>        Real Party in Interest. | F067013 <br><br> (Super. Ct. No. JV7219) <br><br><br> **OPINION** |
| A.A., <br><br>        Petitioner, <br><br>    v. <br><br> THE SUPERIOR COURT OF TUOLUMNE COUNTY, <br><br>        Respondent; <br><br> TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br>        Real Party in Interest. | F067038 <br><br> (Super. Ct. No. JV7219) |

## THE COURT\*

---

  \*    Before Wiseman, Acting P.J., Gomes, J., and Kane, J.

ORIGINAL PROCEEDINGS; petition for extraordinary writ review. Eric L. DuTemple, Judge.

Timothy B., in pro. per., for Petitioner Timothy B.

Alexandra A., in pro. per., for Petitioner Alexandra A.

No appearance for Respondent.

Sarah Carrillo, County Counsel, for Real Party in Interest.

-ooOoo-

Timothy B. and Alexandra A. in propria persona seek extraordinary writ review of the juvenile court's orders issued at a contested six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] terminating their reunification services and setting a section 366.26 hearing as to their one-year-old daughter Madison.[2] (Cal. Rules of Court, rule 8.452.) They contend reports filed by the Tuolumne County Department of Social Services (department) contained false allegations, trial counsel was ineffective, and the juvenile court's orders were erroneous. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Timothy and Alexandra are the parents of Madison, the subject of this writ petition. In June 2012, the department received a report Timothy and Alexandra were neglecting Madison. Specifically, the reporting party (RP) stated Madison tested positive for THC (tetrahydrocannabinol) at birth and Alexandra was seeking prescription medication from several doctors. The RP also reported Timothy yelled at then one-month-old Madison and Alexandra played a computer game 13 hours a day and ignored Madison's crying.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] On our own motion, we consolidate the writ petitions filed in case numbers F067013 and F067038.

The department investigated the neglect allegations over the next two months. Alexandra admitted being addicted to opiates and agreed to random urinalysis. However, she failed to provide urine samples and avoided taking Madison to the doctor for fear of being tested for opiates. During an unannounced home visit in July, Alexandra provided a diluted urine sample. Timothy subsequently admitted supplying Alexandra with Percocet and giving her a dilution kit to conceal her use of opiates.

In August 2012, the department took Madison into protective custody and placed her with a non-related extended family member in Tuolumne County. The department also filed a dependency petition on her behalf alleging Alexandra and Timothy placed her at a substantial risk of harm because Alexandra abused drugs and Timothy enabled Alexandra. As to each parent, the petition cited specific facts discovered during the investigation to support the allegations.

Timothy and Alexandra appeared at the detention hearing. The juvenile court appointed counsel for them and ordered Madison detained after Timothy and Alexandra's attorneys submitted the matter on the detention report.

Two days after the detention hearing, Timothy contacted the social worker multiple times stating he wanted Madison returned to his custody. He did not understand why she was detained, claiming he did not have a drug problem and did not neglect Madison. The social worker reminded him he provided Alexandra non-prescribed opiates.

In its report for the jurisdictional hearing, the department recommended the juvenile court order Timothy and Alexandra assessed for dependency drug court because of Alexandra's opiate addiction and Timothy's criminal history involving illegal drug use.

In September 2012, Timothy and Alexandra appeared at the jurisdictional hearing with counsel. The juvenile court advised them of their right to a hearing at which they

3

could challenge the allegations in the petition by presenting evidence, subpoenaing witnesses and testifying. The juvenile court also explained they could waive a hearing and submit on the department's report. If they did so, the court said it would find the allegations true, take jurisdiction over the case and proceed to disposition. Timothy and Alexandra expressed their understanding of their right to a hearing and waived their right. At the conclusion of the hearing, the juvenile court assumed jurisdiction over Madison, referred Timothy and Alexandra to dependency drug court and set the matter for disposition.

In its report for the dispositional hearing, the department recommended the juvenile court order Timothy and Alexandra to participate in a reunification plan that required them to complete a specific parenting program, successfully complete the dependency drug court substance abuse treatment program, participate in the 12-step program, and in individual counseling.

The department also reported Timothy's mother, Jackie, expressed interest in having Madison placed with her. However, Jackie lived in Kansas and could not provide regular visitation during reunification. Therefore, the department stated it would submit an ICPC (Interstate Compact on Placement of Children) if Timothy and Alexandra did not reunify with Madison.

Prior to the dispositional hearing, Timothy was evaluated and determined not to be a candidate for dependency drug court. Consequently, the department revised his reunification plan to exclude the dependency drug court requirements. His revised case plan required him to complete mental health and substance abuse assessments and participate in any treatment recommended, complete either of two specific parenting programs, and submit to random drug testing.

In October 2012, the juvenile court conducted the dispositional hearing. Timothy and Alexandra appeared and their attorneys submitted the matter. The juvenile court

4

ordered them to complete their reunification plans and set a six-month review hearing for March 2013. Timothy and Alexandra did not appeal from the juvenile court's dispositional orders.

In early November 2012, Timothy stated he and Alexandra wanted their case transferred to Kansas. The day before, Alexandra was given Dilaudid for medicinal purposes while at the hospital. She took the medication knowing it violated the dependency drug court's order. Two days later, she tested positive for methadone and hydrocodone.

The dependency drug court ordered Alexandra to appear. She failed to do so. Consequently, in January 2013, she was terminated from the program.

In January 2013, Jackie told the social worker she paid for Timothy and Alexandra to fly to Kansas and they lived with her for approximately a week. During that week, she drove Alexandra to a 28-day drug treatment facility but Alexandra refused to check into the program. According to Jackie, she had no further contact with them and did not know their whereabouts.

In early February 2013, the department requested an ICPC to place Madison with Jackie. Later that month, Timothy contacted social worker Deena Garman by telephone and said he and Alexandra married in January. Timothy stated he had no intention of participating in services and believed Madison was "illegally" removed from his care.

In its report for the six-month review hearing, the department recommended the juvenile court terminate reunification services for Timothy and Alexandra and set a section 366.26 hearing. The department reported Timothy and Alexandra were minimally compliant with their services plan until they stopped participating in early November 2012, which was also when they had their last visit with Madison.

In March 2013, at the time set for the six-month review hearing, the juvenile court set a contested hearing for April 2013. Alexandra informed the juvenile court that she

5

was pregnant and could not travel for the hearing. The juvenile court granted Timothy's request to testify on her behalf.

In April 2013, the juvenile court convened the contested six-month review hearing. Timothy personally appeared with counsel and Alexandra appeared telephonically.

Deena Garman testified her first and only contact with Timothy was his telephone call to her in February 2013. During their conversation, Timothy said he did not intend to participate in services because he did not believe the allegations were true.

Garman further testified she did not refer Timothy for services in Kansas and did not know if he participated in services there.

Timothy testified he arrived in Kansas in early December 2012 and missed two weeks of visits with Madison prior to his departure and had not seen her since. He said he traveled 16 hours by bus from Kansas to the hearing. He considered taking the bus to visit Madison but was told it would take some time to arrange.

Timothy further testified he and Alexandra were not drug testing or taking parenting classes. They attended five to six 12-step meetings weekly, however, he could only provide proof of attendance from March 21. In January 2013, they began family counseling and attended four sessions. In addition, they each had an individual therapist. Timothy began individual therapy in March 2013 and attended one session. He did not tell Garman they were participating in services because she never asked.

Timothy testified he and Alexandra did not trust the social workers because they manipulated and fabricated facts to "meet their agenda." He and Alexandra wanted their case transferred to Kansas.

On cross-examination, Timothy was asked if he understood Madison was removed because of Alexandra's substance abuse and inability to provide proper care and his lack of insight into her substance abuse. He replied, "No, I never understood them." "Child

6

Welfare Services has been very negligent in even proving that." He was also asked whether he understood the case plan was intended to address the concerns that led to Madison's removal. He refused to answer the question, invoking his right under the Fifth Amendment. He also invoked his Fifth Amendment right when asked how he kept informed of Madison's progress. The juvenile court informed Timothy he did not have a Fifth Amendment right not to answer the questions and all of his testimony would be stricken if he persisted in asserting the right.

Following testimony, Timothy's attorney told the juvenile court Timothy wanted to represent himself during argument. Timothy questioned the juvenile court's basis for jurisdiction and wanted a chance to argue it as he did not believe his attorney had properly done so. The juvenile court allowed Timothy to present closing argument with the understanding that jurisdiction and disposition were not relevant.

After the matter was submitted, the juvenile court found Timothy and Alexandra failed to regularly participate in their reunification plans and made "little or no progress …" and terminated their reunification services. In so doing, the juvenile court reminded them it explained the jurisdictional and dispositional proceedings in detail, including the ramifications of waiving their right to a contested jurisdictional hearing and of failing to comply with their reunification services. The juvenile court acknowledged they participated in services in Kansas but stated the services were not approved. Further, at a time when they should have been establishing a safe family environment for Madison, the juvenile court stated, they "evaporated into thin air."

The juvenile court set a section 366.26 hearing to select a permanent plan for Madison. This petition ensued.

## DISCUSSION

Timothy and Alexandra allege error on the part of the juvenile court, the department and trial counsel throughout the dependency proceedings beginning with

7

detention. They do so in list format with citation to the record but do not identify and develop specific legal arguments as required under California Rules of Court, rule 8.452(b)(2). Consequently, their petition is technically inadequate for review. However, we liberally construe writ petitions in favor of their sufficiency. (Cal. Rules of Court, rule 8.452(a)(1).) In this case, we construe the petition as challenging the juvenile court's order terminating reunification services and the effectiveness of trial counsel at the contested six-month review hearing.

We limit our review to the juvenile court's findings and orders at the contested six-month review hearing because all previous findings and orders, including the jurisdictional findings, were reviewable by direct appeal from the dispositional order. Since Timothy and Alexandra did not appeal, they forfeited their right to appellate review of those prior rulings. For the same reason, they also forfeited appellate review on the issue of ineffectiveness of counsel arising from any hearing prior to the contested six-month review hearing. (*In re Meranda P*. (1997) 56 Cal.App.4th 1143, 1159-1160.)

**Termination of Reunification Services**

Section 366.21, subdivision (e) governs the procedure for children like Madison who were under three years of age when they were initially removed from parental custody and who are not being returned at the six-month review hearing. Under the statute, the juvenile court may terminate reunification services and schedule a section 366.26 hearing if it finds by clear and convincing evidence the parent failed to regularly participate and make substantive progress in a court-ordered treatment plan. (§ 366.21, subd. (e).)

Here, the juvenile court found Timothy and Alexandra made "little or no progress" in their court-ordered plans and substantial evidence supports that finding. In the months before they left for Kansas, Timothy did not participate in any of his services except some drug testing and Alexandra attempted drug treatment but quickly relapsed. They

8

contend they participated in services in Kansas, however, the record does not support their claim. To the contrary, Timothy testified they were not drug testing or taking parenting classes. They participated in a few counseling sessions and could only produce attendance at 12-step meetings since March 21. On that evidence, the juvenile court could find they failed to regularly participate and make substantive progress in a court-ordered treatment plan.

Notwithstanding the above, section 366.21, subdivision (e) required the juvenile court to continue reunification services for Timothy and Alexandra if it found they were not provided reasonable services or there is a substantial probability Madison could be returned to their custody by the 12-month review hearing.

Timothy and Alexandra do not expressly challenge the reasonableness of services provided. They do, however, fault Ms. Garman for not referring them for services in Kansas. To the extent they claim Ms. Garman's efforts to assist them in reunifying were unreasonable, their claim lacks merit for two reasons. First, Timothy and Alexandra had a duty to maintain contact with the department. Instead, they left the county without notifying the department. Ms. Garman's first contact with them was in late February 2013, five months into the reunification period. Secondly, they cite no authority placing the responsibility on the department to arrange services out-of-state under these circumstances.

Further, given Timothy and Alexandra's conduct, there is no reason to find a substantial probability Madison could be returned to their custody after another six months of services.

In order to find a substantial probability of return, the juvenile court must make all three of the following findings: (1) the parent consistently and regularly contacted and visited the child; (2) the parent made significant progress in resolving the problems that led to the child's removal from the home; and (3) the parent demonstrated the capacity

9

and ability to complete the objectives of the treatment plan and provide for the child's safety, protection, and physical and emotional well-being. (§ 366.21, subd. (g)(1)(A)-(C).)

In this case, Timothy and Alexandra made virtually no progress, demonstrated an unwillingness to cooperate with the department to facilitate reunification, and opted to leave the state rather than remain local so they could maintain contact with Madison.

We conclude substantial evidence as set forth above supports the juvenile court's order terminating Timothy and Alexandra's reunification services.

### Ineffective Assistance of Counsel

Timothy contends his attorney was ineffective for not disputing the original allegations. We disagree.

A petitioner asserting ineffectiveness of counsel must prove trial counsel's performance was deficient, resulting in prejudicial error. (*In re Kristin H*. (1996) 46 Cal.App.4th 1635, 1667-1668.)

In this case, Timothy fails to show how his attorney was deficient. Timothy believed he could litigate the original allegations at the six-month review hearing and apparently insisted his attorney do so even though the juvenile court advised Timothy any such evidence was not relevant.

Timothy's attorney was not deficient for declining to introduce irrelevant evidence. Thus, Timothy's claim of ineffective assistance of counsel fails.

We find no error and deny the petition.

### DISPOSITION

The petitions for extraordinary writ are denied. This opinion is final forthwith as to this court.

10